IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JOHN T. DANIELS                                                                           PLAINTIFF

vs.                                             Civil No. 4:08-cv-04007

MICHAEL J. ASTRUE                                                            DEFENDANT
Commissioner, Social Security Administration


### MEMORANDUM OPINION

John T. Daniels ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his application for SSI on April 15, 2004.  (Tr. 49).  Plaintiff alleged he was disabled due to breathing problems.  (Tr. 89, 97).  This application was initially denied on October 18, 2004 and was denied again on reconsideration on January 11, 2005.  (Tr. 33-40).  On February 5, 2005, Plaintiff requested an administrative hearing on his application.  (Tr. 42).  The hearing was held on March 15, 2006 in Texarkana, Arkansas.  (Tr. 259-281).  Plaintiff was present and was

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

represented by counsel, Greg Giles, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE")

Charles Smith testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty (50)

years old, which is defined as "person closely approaching advanced age" under 20 C.F.R. §

404.1563(d), and had a limited education.  (Tr. 20).

On August 14, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for

SSI.  (Tr. 11-21).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial

Gainful Activity ("SGA") since his alleged onset date.  (Tr. 14, Finding 1).  The ALJ determined

Plaintiff had the severe impairments of chronic obstructive pulmonary disease and an affective or

mood disorder.  (Tr. 14, Finding 2).  The ALJ also determined the Plaintiff did not have an

impairment or combination of impairments that met or medically equaled one of the listed

impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No.

4 ("Listings").  (Tr. 16, Finding 3).

In this decision, the ALJ also indicated he evaluated Plaintiff's subjective complaints and

determined his Residual Functional Capacity ("RFC").  (Tr. 17-19, Finding 4).  The ALJ indicated

he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the

requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  (Tr. 13).

The ALJ also reviewed all the medical evidence and hearing testimony and determined

Plaintiff's RFC.  (Tr. 17, Finding 4).  The ALJ found Plaintiff had the RFC of less than the full range

of light work.  Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant can lift and carry 20 lbs. occasionally and 10 lbs frequently, with
> pushing and pulling the same.  The claimant can stand and can walk for 6 hours, up
> to 2 hours without interruption, and can sit for 6 hours, up to 2 hours without
> interruption.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW")

but was able to perform work existing in significant numbers in the national economy.  (Tr. 19-21,

Findings 5, 9).  Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 277-280).  The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW.  (Tr. 277).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy.  (Tr. 278).  For example, the VE testified such a hypothetical person could perform work as production assembler (6,890 such jobs in the State of Arkansas and 489,000 in the nation), and cleaner or housekeeper (3,767 such jobs in the State of Arkansas and 418,000 in the nation).  (Tr. 20-21, Finding 9).  The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision.  (Tr. 21, Finding 10).

On August 24, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8-9).  *See* 20 C.F.R. § 404.984(b)(2).  On January 11, 2008, the Appeals Council declined to review this determination.  (Tr. 4-6).  On January 30, 2008, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on February 4, 2008.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 7, 8).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in his RFC determination; and (C) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ RFC's determination is supported by substantial evidence; and (C) substantial evidence supports the ALJ's finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to properly analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). The ALJ found that Plaintiff took no medications for pain and indicated no side effects from his other medications; Plaintiff continued to smoke despite having lung problems; and Plaintiff had little medical care. (Tr. 18-19). Based on these findings, the ALJ concluded the Plaintiff's claims of pain were not credible. (Tr. 15). This was the extent of the ALJ's *Polaski* analysis. The ALJ did not address any of the other factors in either *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. This analysis is not sufficient to comply with the requirements of *Polaski*

which require consideration and analysis of all of the foregoing factors.

The Defendant argues in his brief some points in support of the argument that the ALJ performed a proper *Polaski* analysis.  (Doc. No. 8, Pgs. 8-11).  These included: (A) Plaintiff's physicians provided conservative treatment only, (B) diagnostic tests do not support Plaintiff's alleged level of impairment, and (C) Plaintiff's daily activities are inconsistent with Plaintiff's alleged limitations.  However, these points were not discussed by the ALJ.  It is the ALJ's duty to provide full analysis of at least some of these factors and state the inconsistencies in the opinion. *See Ford v. Astrue*, 518 F 3d 979, 982-83 (8th Cir. 2008) (requiring the ALJ to detail the reasons for discrediting a claimant's subjective complaints and set forth the inconsistencies he or she found).

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **25th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

7